NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2009[*]
Decided December 23, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2267

| | |
|---|---|
| LAURA A. JENNINGS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, |
| | Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-1008-WTL-DML |
| SALLIE MAE, INC., | |
| *Defendant-Appellee*. | William T. Lawrence, |
| | *Judge*. |

**O R D E R**

Laura Jennings sued her former employer Sallie Mae, Inc., under a variety of antidiscrimination statutes. After dismissing most of Jennings's claims at screening, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), the district court ultimately dismissed the suit based on her failure to participate in discovery. Jennings appeals and we affirm the district court's judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Jennings worked as a loan consolidating servicing specialist at Sallie Mae from May 2006 to July 2007, when she was discharged for excessive absenteeism. In her complaint brought under Title VII, 42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; the Rehabilitation Act, 29 U.S.C. § 701; and Section 1981, 42 U.S.C. § 1981, Jennings alleged that Sallie Mae harassed her and violated her civil rights by counting her approved sick leave as unplanned absences. The district court found that the complaint stated a viable claim only under the ADA and dismissed the other claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Jennings later amended her complaint to assert that Sallie Mae failed to make reasonable accommodations and punished her for her "rotator cuff tendonitis disability."

During discovery, Jennings refused to respond to interrogatories, attend her scheduled deposition, or authorize Sallie Mae to obtain records related to her alleged disability. After Jennings disobeyed the district court's directive to confirm that she would cooperate in the discovery process, the court granted Sallie Mae's motion to dismiss under Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure and ordered Jennings to pay Sallie Mae $500. The court concluded that her actions were "unjustified, abusive of the discovery process, abusive of the defendant's time and of other resources, a disregard of the court's orders and procedures, and fully contrary to the spirit and letter of the Federal Rules of Civil Procedure."

Jennings's brief on appeal is difficult to parse, but she seems to argue, first, that the district court overstepped its authority by dismissing the non-ADA claims in her initial complaint and restricting the scope of her amended complaint. The court correctly dismissed Jennings's non-ADA claims because her complaint failed to allege discrimination based on race, sex, national origin, religion, or age, as required to state a claim under Title VII, the ADEA, or Section 1981. *See* 42 U.S.C. § 2000e-2 (prohibiting discrimination based on "race, color, religion, sex, or national origin"); 29 U.S.C. § 621 (prohibiting age discrimination); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996) (explaining that section 1981 prohibits racial discrimination). And Sallie Mae is a private employer, so the Rehabilitation Act was inapplicable. *See Silk v. City of Chicago*, 194 F.3d 788, 798 n.6 (7th Cir. 1999). Further, because the court properly dismissed Jennings's non-ADA claims, it had discretion to prevent her from repleading them in her amended filing. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 396 (7th Cir. 2009).

Jennings next generally challenges the district court's denial of her repeated requests for assistance in obtaining counsel. The district court, however, applied the correct legal standard—inquiring first whether Jennings had reasonably attempted to obtain an attorney and then determining the complexity of the case and her ability to present her claims—and based its decision that counsel was unnecessary on facts supported by the record. *See Pruitt*

*v. Mote*, 503 F.3d 647, 654-55, 658 (7th Cir. 2007) (en banc).  As the court noted, Jennings is literate, has filed lawsuits in the past, has personal knowledge of the facts relevant to her claims, amended her complaint in accordance with the district court's directions, and submitted documents in support of her claims.

Finally, Jenkins asserts that the district court erred by dismissing her case and imposing monetary sanctions based on her failure to participate in discovery.  Because Jennings repeatedly failed to obey court orders to permit discovery and refused to appear for her scheduled deposition, the court did not abuse its discretion in dismissing her case. *See* FED. R. CIV. P. 37(b)(2)(A)(v), (d)(1)(A)(i); 41(b).  Nor did the court abuse its discretion by imposing monetary sanctions.  The Federal Rules require sanctioning a party that has unjustifiably disobeyed a discovery order, FED. R. CIV. P. 37(b)(2)(C), (d)(3), and the district court explained that the $500 was meant to cover a portion of the fees Sallie Mae incurred in filing and supplementing its motion to dismiss.

Accordingly, we AFFIRM the district court's judgment.